IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00304-RM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    15607 EAST GIRARD PLACE, AURORA, COLORADO;
2.    $12,999.00 IN UNITED STATES CURRENCY;
3.    1792 SOUTH NOME WAY, AURORA, COLORADO;
4.    $1,418.00 IN UNITED STATES CURRENCY;
5.    $1,857.00 IN UNITED STATES CURRENCY;
6.    $33.000.00 IN UNITED STATES CURRENCY;
7.    $19,156.00 IN UNITED STATES CURRENCY;
8.    10641 SEDGWICK WAY, PARKER, COLORADO;
9.    $8,609.00 IN UNITED STATES CURRENCY;
10.    $20,101.00 IN UNITED STATES CURRENCY;
11.    $6,567.00 IN UNITED STATES CURRENCY;
12.    $14,250.00 IN UNITED STATES CURRENCY;
13.    $14,130.00 IN UNITED STATES CURRENCY;
14.    4 WESTERN UNION MONEY ORDERS;
15.    $5,086.00 IN UNITED STATES CURRENCY;
16.    $18,590.00 IN UNITED STATES CURRENCY;
17.    $33,106.00 IN UNITED STATES CURRENCY;
18.    $62,434.00 IN UNITED STATES CURRENCY;
19.    $7,440.00 IN UNITED STATES CURRENCY;

    Defendants.

HANGBIN ZHENG,
YU LING LIN,
GUO DONG CHI, and
MEILI CHEN,

    Claimants.
_____

**ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Partially Opposed Motion to Amend Complaint** [#91][1] (the "Motion"). Claimant Meili Chen ("Claimant Chen") filed a Response [#95] in opposition to the Motion [#91], and Plaintiff filed a Reply [#96]. The Motion [#91] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72. *See* [#92]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#91] is **GRANTED**.

## I. Background

On February 5, 2020, following an extensive narcotics investigation coordinated by the United States Drug Enforcement Administration (the "DEA"), Plaintiff filed the Verified Complaint for Forfeiture in Rem [#1] (the "Complaint"). The Complaint asserts that the nineteen named Defendant assets are forfeitable to the United States pursuant to 21 U.S.C. §§ 801, 881(a)(7).[2] *Compl.* [#1] at 22-27. Of those named Defendant assets, only two, 1792 South Nome Way, Aurora, Colorado, and 10641 Sedgwick Way, Parker, Colorado, remain at issue. *Motion* [#91] at 2. Plaintiff seeks only to amend its Complaint [#1] with regards to Defendant 10641 Sedgwick Way (the "Property"). *Id.* at 5.

As a result of the DEA's investigation, investigators discovered that the Property utilized electrical services from Intermountain Rural Electric Association. *Compl.* [#1] at 12. The subscriber to that electrical account was Meiyun Chen, Claimant Chen's sister,

---

[1] "[#91]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] In pertinent part, 21 U.S.C. § 881(a)(7) states that "[a]ll real property, including any right, title, and interest . . . which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment" shall be subject to forfeiture to the United States.

but the email address associated with the account was Meilichen2258@gmail.com. *Id.* Between June 2017 and February 2019, the average monthly electrical usage at the Property was 7,455 kWh; homes of comparable size use between 500 and 1,500 kWh of electricity per month. *Id.*

Investigators executed a search warrant at the Property on May 22, 2019. *Id.* Claimant Chen's sister, as well as her sister's partner, were present during the search. *Id.* Investigators found evidence of a marijuana grow operation inside the residence, including approximately 427 marijuana plants, approximately 0.55 pounds of processed marijuana, 32 light/ballast combination units, and 2 light hoods. *Id.* at 13. Thereafter, Plaintiff sought forfeiture of various assets pursuant to 21 U.S.C. § 801 and § 881(a)(7). *Id.* at 25.

The original deadline for joinder of parties and amendment of pleadings was March 15, 2021, which was later extended to April 5, 2021. *Sched. Order* [#80] at 7; *Minute Order* [#86] at 2. Plaintiff filed the present Motion [#91] on March 31, 2021. Similarly, the Court has extended deadlines for discovery requests and responses on multiple occasions. *See, e.g.*, *Motion* [#91] at 3 (noting that deadlines for first set of discovery requests were extended from February 24, 2021, to March 22, 2021); *Minute Order* [#79] (setting final discovery deadline for June 21, 2021). At present, the discovery deadline is November 12, 2021. *Minute Order* [#104].

Claimant Chen filed a response to Plaintiff's first discovery requests on March 22, 2021. *Claimant Meili Chen's Response to Pl.'s First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions* [#91-2]. In that response, Claimant Chen admitted that she purchased the Property on May 22, 2017, after obtaining

- 3 -

a $350,000.00 mortgage from First Bank. *Id.* at 8-9. Per Plaintiff's request, Claimant Chen attached to her discovery responses the Uniform Residential Loan Application ("Loan Application") used to secure the mortgage. *See Uniform Residential Loan Application* [#91-3]. On that application, Claimant Chen indicated that the Property would be a primary residence; nevertheless, Claimant Chen admitted that she never utilized the Property as her primary residence, and that her sister and sister's partner had lived there since the time of purchase. *Loan Application* [#91-3] at 1; *Claimant Chen's Response to Pl.'s First Set of Interrogatories* [#91-2] at 6-7. Further, while Claimant Chen admitted that the Meilichen2258@gmail.com email address was hers, *id.* [#91-2] at 9, Claimant Chen maintained that she had no knowledge of her sister's grow operation and that she never received any email statement from Intermountain Rural Electric Association regarding invoices for electrical power usage. *Id.* at 5. As a result of Claimant Chen's discovery responses, Plaintiff sought to amend its Complaint [#1] and add a claim for bank fraud and forfeiture pursuant to 18 U.S.C. § 1344 and 18 U.S.C. § 881(a)(7) respectively. *See Proposed Am. Verified Compl. for Forfeiture* In Rem (the "Amended Complaint") [#91-1] at 24-25.

## II. Analysis

As an initial matter, the parties' deadline to amend pleadings was April 5, 2021. *Minute Order* [#86]. Plaintiff's Motion [#91] was filed on March 31, 2021, and is therefore timely. Thus, because the Court finds that Plaintiff's Motion [#91] is timely, it turns directly to Rule 15(a)(2). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (stating that the Court need only address Fed. R. Civ. P. 16(b)(4) when the amendment request is untimely).

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Courts typically find prejudice only when the proposed amendments unfairly affect the defendant in terms of preparing their defense to the amendment. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208 (citations omitted). "Courts also consider discovery deadlines to determine if the amendment will unduly prejudice the nonmoving party." *Cano-Rodriguez v. Adams Cnty. Sch. Dist. No. 14*, No. 19-cv-01379-CMA-KLM, 2020 WL 6049595, at *5 (D. Colo. July 23, 2020). In addition, "[t]he non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." *zvelo, Inc. v. Sonicwall, Inc.*, No. 06-cv-00445-PAB-KLM, 2012 WL 2872115, at *2 (D. Colo. July 12, 2012) (quoting *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009)).

Plaintiff argues that the Motion [#91] should be granted because the bank fraud claim was added after Plaintiff learned new information about Claimant Chen's acquisition of a mortgage to purchase the Property. *Motion* [#91] at 5. Further, Plaintiff argues that the Motion should be granted because it was made without undue delay, bad faith, or undue prejudice, and because it is the first proposed amendment rather than a repeated attempt to cure previous deficiencies. *Id.* at 3.

In her Response [#95], Claimant Chen concedes that the Motion was made without undue delay and bad faith, and that the Motion was the first amendment sought by Plaintiff. *Response* [#95] at 3. Claimant Chen contends, however, that the Motion should be denied because it proposes substantially different issues from the initial Complaint [#1], and because it will cause Claimant Chen undue prejudice. More specifically, Claimant Chen contends that the initial claims of marijuana cultivation and distribution are "sufficiently remote" from the additional claim of bank fraud, and that new allegations of wrongful conduct will result in prejudice and jury confusion when determining whether Claimant Chen intended to reside in Colorado after her purchase of the Property. *Response* [#95] at 5. Lastly, Claimant Chen contends that the Motion should be denied because the Amended Complaint [#91-1] does not meet the pleading requirements under Fed. R. Civ. P. 8, and will not survive a motion to dismiss. *Id.* at 5-6.

In its Reply [#96], Plaintiff maintains that prejudice is absent because the parties are in the earlier stages of discovery. *Reply* [#96] at 3. Because no depositions have been scheduled and documents are still being exchanged, Plaintiff argues that Claimant Chen will have adequate time to prepare a defense to the new bank fraud claim before the November 12, 2021 discovery deadline. *Id.* Plaintiff further argues that the proposed

amendment will "simply add an additional legal basis for the relief requested in the Complaint: forfeiture of defendant 10641 Sedgwick Way." *Reply* [#96] at 4.  In addition, Plaintiff argues that Claimant Chen improperly conflates undue prejudice with jury confusion, and that considerations of whether information should be admitted to a jury are inappropriate at this juncture. *Id.* at 5.  Finally, Plaintiff argues that its amendment is not futile and will survive a motion to dismiss. *Id.* at 7-8.

Pursuant to Rule 15(a)(2), the Court considers the arguments raised by Claimant Chen related to whether justice would be served by amendment.  First, the Court considers whether the addition of a claim for bank fraud will result in undue prejudice toward Claimant Chen in light of the underlying forfeiture claims and established discovery deadline.  Second, the Court considers the proposed amendment's likelihood of surviving a motion to dismiss.

**A.     Undue Prejudice**

Claimant Chen relies on persuasive authority for the proposition that where an amended complaint "would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied."  *Response* [#95] at 4 (citing *Mississippi Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542 (D.D.C. 1991); *see also Stiller v. Colangelo*, 221 F.R.D. 316 (D. Conn. 2004)).  More specifically, Claimant Chen argues that crimes related to the cultivation and distribution of marijuana are "sufficiently remote" from crimes of bank fraud. *Response* [#95] at 5.  However, Claimant Chen mischaracterizes the nature of this case.  While the crime of illegally growing and distributing marijuana is attenuated from

the crime of defrauding a financial institution, the Property—a named Defendant asset in this action for *civil forfeiture*—is central to both.

In addition, while the Amended Complaint [#91-1] offers new factual allegations—such as the transaction history related to the acquisition of the Property and Claimant Chen's role in that history—Claimant Chen still has adequate time to prepare a defense in light of the November 12, 2021 discovery deadline. *See Cano-Rodriguez*, 2020 WL 6049595, at *5 (in an order issued on July 23, 2020, for a case with a July 28, 2020 discovery deadline, finding no undue prejudice because (1) trial date had not been set and (2) defendants could seek an extension of the discovery deadline if necessary); *cf. Colangelo*, 221 F.R.D. at 317 (finding undue prejudice where the case had been pending for two years, discovery had been completed, and the defendant had previously filed for summary judgment).  Further, Claimant Chen does not dispute Plaintiff's assertion that "no depositions have been scheduled," *Reply* [#96] at 3, or argue that she is unable to pursue further discovery.

For the reasons stated above, the Court finds that Claimant Chen has not shown that the proposed amendment would cause undue prejudice.

### B. Futility

Next, the Court considers whether the proposed amendment is futile.  An amendment is futile only if it would not survive a motion to dismiss.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  In other words, an amendment is futile if it fails to state a claim for which relief may be granted.

The parties disagree, however, on the appropriate pleading rule to apply under the present circumstances. Claimant Chen argues, pursuant to Fed. R. Civ. P. 8 and its accompanying jurisprudence, that a valid pleading must contain sufficient, nonconclusory factual allegations to nudge a claim across the line from conceivable to plausible. Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff, on the other hand, contends that Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), which are supplements to the Federal Rules of Civil Procedure, governs the proceedings. Under Rule G, complainants in a forfeiture in rem proceeding must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supplemental Rule G(2)(f).

Neither the Tenth Circuit nor a District of Colorado court has considered the interplay between the two pleading standards. However, other federal district courts, following the text of the Supplemental Rules, have routinely applied Rule G in the context of forfeiture in rem proceedings. *See* Supplemental Rule A(1)(B) ("These Supplemental Rules apply to forfeiture actions in rem arising from a federal statute . . . ."); Supplemental Rule A(2) ("The Federal Rules of Civil Procedure also apply to the foregoing proceedings *except to the extent that they are inconsistent* with these Supplemental Rules.") (emphasis added); *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 152 (3d Cir. 2003) (quoting *Webster's II New Riverside Univ. Dictionary* (1988)) (construing "inconsistent" to mean "lacking in correct logical relation, contradictory," or "not in agreement or harmony, incompatible"); *United States v. $134,972.34 Seized from FNB Bank, Acct. No. -5351*, 94 F. Supp. 3d 1224, 1229-30 (N.D. Ala. 2015) ("[B]ecause

Supplemental Rule G(2) governs the pleading standard for civil asset forfeiture cases, rather than Federal Rule of Civil Procedure 8, the standard enunciated and clarified in *Twombly* and *Iqbal* does not govern the sufficiency of such complaints."); *United States v. 4323 Bellwood Circle, Atlanta, Ga 30349*, 680 F. Supp. 2d 1370, 1372 (N.D. Ga. 2010) ("Courts are to evaluate the sufficiency of a [civil forfeiture] complaint under standards established by Supplemental Rule G(2)."); *United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 249 (S.D.N.Y. 2010) (finding that "[*Twombly* and *Iqbal*] do not require any alteration to the pleading standards applied to civil forfeiture actions").

The Court finds that the Rule 8 pleading standards, as interpreted in *Twombly* and *Iqbal*, are inconsistent with the text and purpose of Supplemental Rule G. The Supplemental Rules make clear that they apply to "forfeiture actions in rem arising from a federal statutes . . . ." Fed. R. Civ. P. Supp. R. A(1)(B); *see also* Supplemental Rule G(1) ("[Rule G] governs a forfeiture action in rem arising from a federal statute."). In addition, the application of a more generalized civil rule instead of one adopted specifically for forfeiture actions would contradict the purpose of Rule G. Thus, because Rule 8 and Rule G are inconsistent and incompatible, the Court finds that Rule G governs.

Accordingly, the Court must determine whether Plaintiff's Amended Complaint [#91-1] "state[s] sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supplemental Rule G. In making such a determination, the Court "must construe the complaint in the light most favorable to plaintiff[ ], and the allegations in the complaint must be accepted as true." *Bennett v. Wells Fargo Home Mortg.*, No. 16-cv-03185-CMA-KLM, 2017 WL 4675524, at *1 (D. Colo Oct. 18, 2017) (quoting *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994)).

Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff [ ]," *id.*, and the Court disregards all conclusory allegations.[3]

In its Amended Complaint [#91-1], Plaintiff alleges that Claimant Chen fraudulently obtained a mortgage from a financial institution—First Bank—in violation of 18 U.S.C. § 1344. *Am. Compl.* [#91-1] at 11-12. 18 U.S.C. § 1344 makes it illegal to "knowingly execute[ ], or attempt[ ] to execute, a scheme or artifice to defraud a financial institution; or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by . . . a financial institution, by means of false or fraudulent pretenses, representations, or promises," and carries a penalty of "not more than $1,000,000" or imprisonment for "not more than 30 years, or both."

Specifically, Plaintiff alleges that Claimant Chen lied on her Loan Application by indicating that the Property would be her primary residence. *Id.* at 11; *see also Loan Application* [#91-3] at 1. That lie was confirmed, Plaintiff alleges, when Claimant Chen indicated in her response to Interrogatory 6 that "10641 Sedgwick Way, Parker, Colorado was not the primary residence of Meili Chen [Claimant Chen] at any time." *Claimant Chen's Response to Pl.'s First Set of Interrogatories* [#91-2] at 6.

None of the foregoing allegations are conclusory in nature; on the contrary, they derive from statements and documents provided by Claimant Chen over the course of discovery and are attached to Plaintiff's pleadings. Further, in her response to the

---

[3] Notwithstanding the inapplicability of Rule 8, *Twombly*, and *Iqbal* in this instance, such authority "*may* provide guidance in deciding a motion to dismiss a civil asset forfeiture complaint." *$1334,972.34 Seized from FNB Bank*, 94 F. Supp. 3d at 1230 (emphasis added) (citation omitted). "Specifically, the requirement that a court ruling on a Rule 12(b)(6) motion to dismiss must disregard conclusory allegations in determining the sufficiency of a complaint does not conflict with Supplemental Rule G(2)." *Id.*

Complaint, Claimant Chen concedes that "Plaintiff's claim that [she] lied is conceivable . . . ." *Response* [#95] at 6.  Viewing the allegations in Plaintiff's favor, and acknowledging that further discovery may be required to flesh out exactly why Claimant Chen indicated that the Property would be her primary residence, the Court finds that Plaintiff has met its burden under Rule G of pleading sufficiently detailed facts to support the reasonable belief that Plaintiff will prevail at trial.

### III.  Conclusion

For the reasons stated above, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#91] is **GRANTED**.  Plaintiff shall file a "clean" non-red-lined version of the Amended Complaint [#91-1] on the electronic docket **no later than September 24, 2021**.

IT IS FURTHER **ORDERED** that the Claimants shall answer or otherwise respond to the Amended Complaint in accordance with the Fed. R. Civ. P. 15(a)(3) after service of the "clean" non-red-lined version of the Amended Complaint.

Dated: September 17, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge